Mr. Chief Justice ShaRKev
delivered the opinion of the Court.
The mayor and council of Vicksburg passed an ordinance authorizing the levy of an ad valorem tax on the sales of produce by flatboat traders, within the limits of the city, and the mayor rendered judgment of fifty dollars against the plaintiff in error, for a violation of the ordinance. He applied to the Circuit Court for a prohibi-bition, which was refused, and he brought his writ of error.
The plaintiff in error resists the authority of the corporation, 1, for want of authority under the charter to pass such an ordinance ; 2, because - the ordinance is inconsistent with the general laws of the State ; 3, because it is in restraint of trade, and in violation of common right ; and 4, because the ordinance is in violation of the Constitution of the United States, because it authorizes the levy of a duty or tax on produce imported by a citizen of one State into another State.
The authority to pass such an ordinance is expressly given by the amendment to the charter, passed on the 22d of February, 1840. The 4th section declares, that the 27th section of the charter of 1839 shall be so amended as to authorize the mayor and council to levy an ad valorem tax upon flat-boats, barges, and other watercraft, wherein goods and merchandise are sold at retail. The State has an undoubted power to tax persons and property within its limits ; and it may delegate such power to a civil corporation, so far *586 as it may be necessary for the good government of the corporation. 7 Leigh’s R. 120, Godden v. Crump.
The second objection is also untenable. We know of no law of the State which is contravened by the ordinance. On the contrary, it seems to be in strict accordance with the provisions of the charter. The legislature in giving the power to levy an ad valorem tax, gave necessarily the means necessary to accomplish the end. Hence it was competent for the corporate authorities to provide a penalty for a violation of the ordinance imposing the tax. The power to levy a tax would have been useléss, without the power of coercing payment.
In the next place, it is said to be an ordinance in restraint of trade, and therefore void. Laws which merely impose a tax on the sales or merchandise, are not in restraint of trade. The taxing power is one which is essential to the existence of the government, and the authority of a State to exercise it cannot be questioned, as regards all property within its jurisdiction, which was brought there to be used or disposed of, and we have already said that the State may confer this power on a civil corporation.
Lastly, is the ordinance in violation of the Constitution of the United States, because it authorizes the levy of a tax on produce imported by a citizen'of another State ? This tax is not “ an impost or duty ” within the meaning of the Constitution of the United States. It is probable that the prohibition in the 10th section of the first article of the Constitution has reference only to imports from a foreign country into the ports of the United States ; and even in reference to these Chief Justice Marshall remarked, that when the importer has so acted with the thing imported, that it has become mixed up and incorporated with the tfiass of property in the country, it has, perhaps, lost its distinctive character, as an import, and has become subject to the taxing power of the State. Brown v. State of Maryland, 12 Wheat. 419. This ordinance imposed no tax for the privilege of introducing the article, but a tax on the amount of sales. The power of a State to tax'the merchandise of its own citizens, has never been questioned, nor can it be. When a citizen of Ohio comes into this State, and makes sales of his merchandise here, there can be no reason why he should be exempted *587 from the operation of State laws. This position, carried to its utmost extent, would defeat the power of the State over all sales of merchandise within its territory; it would only be necessary for the merchant to claim a residence in some other State, and the power of the State would be at an end.
Judgment affirmed.